# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREEVILLE DIVISION

| | |
|---|---|
| Samuel Eddie Pheasant, ) | Civil Action No.: 6:18-cv-1516-JMC |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Warden Antonelli, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Samuel Eddie Pheasant, proceeding *pro se*,[1] filed the instant action against Respondent Warden Antonelli seeking a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 alleging, *inter alia*, that he is actually innocent of the murder of which he was convicted under 18 U.S.C. §§ 1111, 1153. (*See* ECF No. 1-1 at 7.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to the United States Magistrate Judge for pretrial handling. On June 25, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court dismiss without prejudice Petitioner's instant Petition without requiring Respondent to file a return. (*See* ECF No. 10 at 6.) Petitioner filed Objections to the Report, which are presently before the court. (*See* ECF No. 12.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and the findings therein, and **DISMISSES** Petitioner's instant Petition (ECF No. 1) without prejudice and without requiring Respondent to file a return.

---

[1] "Because he is a pro se litigant, Petitioner's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No. 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "This, however, 'does not transform the court into an advocate' for Petitioner; the court is not required to recognize Petitioner's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an inmate presently incarcerated at the Williamsburg Federal Correctional Institution in Salters, South Carolina. *See Fed. Bureau of Prisons Inmate Search*, https://www.bop.gov/inmateloc/ (search by registration number) (last visited Oct. 27, 2020).[2] On August 8, 2006, a federal grand jury in the Western District of North Carolina returned a two-count indictment against Petitioner.[3] *See United States v. Pheasant*, Criminal Action No. 2:06-cr-25-MR, 2012 WL 3870508, at *1 (W.D.N.C. Sept. 6, 2012). Count One charged Petitioner with first-degree murder of an individual within the boundaries of the Eastern Band of Cherokee Indian Reservation in violation of 18 U.S.C. §§ 1111, 1153 ("Count One"). *See Pheasant*, 2012 WL 3870508, at *1. Count Two charged Petitioner with unlawful use and carry of a firearm in furtherance of the related murder in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (j)(1) ("Count Two"). *See Pheasant*, 2012 WL 3870508, at *1. On December 5, 2006, a jury returned a guilty verdict on both charges. (*See* ECF No. 10 at 2 (citing *id*).) On October 26, 2007, the United States District Court for the Western District of North Carolina sentenced Petitioner to a term of life imprisonment on Count One and a consecutive 120-month term on Count Two. *See Pheasant*, 2012 WL 3870508, at *1 (citation omitted). Petitioner filed a direct appeal in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). *See United States v. Pheasant*, 320 F. App'x 160, 161 (4th Cir. 2009). The Fourth Circuit affirmed Petitioner's conviction and sentence on April 2, 2009. *See id.*

---

[2] Petitioner's registration number is 14701-058. (*See* ECF No. 10 at 1 (noting Petitioner's registration number in the caption).)
[3] The court takes judicial notice of the records filed in Petitioner's previous actions. *See Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may . . . take judicial notice of matters of public record); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citation and quotation marks omitted) (noting that the "most frequent use of judicial notice is in noticing the content of court records").

2

Petitioner then filed a motion under 28 U.S.C. § 2255 in the sentencing court–the United States District Court for the Western District of North Carolina–on August 21, 2009. *See United States v. Pheasant*, Civil Action No. 2:09-cv-46-MR, 2012 WL 3870508, at *11 (W.D.N.C. Sept. 6, 2012). The district court denied Petitioner's Motion. *See id.* On November 13, 2012, Petitioner appealed the denial to the Fourth Circuit. *See United States v. Pheasant*, 518 F. App'x 226, 227 (4th Cir. 2013). The Fourth Circuit dismissed the appeal. *See id.* at 227.

On June 4, 2018, Petitioner filed the instant Petition. (*See* ECF No. 1.) In his Petition, Petitioner asserts three grounds for habeas relief. First, Petitioner asserts he is "actual[ly] innocent of the elements which constitute[] a conviction of first[-]degree murder." (*See* ECF No. 1-1 at 7.) Specifically, Petitioner claims that "the prosecution failed to . . . prove . . . that the [P]etitioner actually killed/murdered the deceased" because they did not "establish that the bullet retrieved from the decease[d] body[] actually was fired from the weapon[] allegedly belonging to" Petitioner. (*Id.* at 7.) Second, Petitioner asserts that he is "actual[ly] innocent" of his 18 U.S.C. § 924 conviction because "the government [failed] to charge [him with] a codified federal offense." (*Id.* at 12.) Lastly, Petitioner asserts that he "was denied adequate assistance of counsel[] before and during his capital jury trial" in violation of the Sixth Amendment. (*Id.* at 14.)[4] Petitioner seeks to vacate his conviction and have the matter "remanded back to the district court for a new jury trial." (*Id.* at 28.)[5]

---

[4] Specifically, Petitioner claims that his "counsel's performance fell below [the] reasonable objective standard," established in *Strickland v. Washington*, 466 U.S. 668, 686 (1984)," by (1) "fail[ing] to employ the assistance of a[] ballistic expert to conduct a[] forensic testing of the physical evidence . . . offered by the prosecution," (ECF No. 1-1 at 15); (2) "fail[ing] to raise [a claim of] insufficiency of evidence regarding ballistics" during his trial," (*id.* at 18); (3) "fail[ing] to object to the case agent sitting at the table with the prosecution during Petitioner's jury trial" after he specifically "requested the witnesses be sequestered," (*id.* at 18); (4) "fail[ing] to submit a motion to suppress . . . Petitioner's statements to the officers after he allegedly waived his Miranda rights," procured "while [he was] intoxicated," (*id.* at 18); (5) "fail[ing] to object to [the] government's witness . . . testifying to multiple facts that ranged outside the scope of her

On June 25, 2018, the Magistrate Judge issued the Report at issue concluding that because Petitioner cannot "demonstrate that the relief available to him under § 2255 is inadequate or ineffective," he cannot "challenge his federal conviction and sentence under § 2241." (ECF No. 10 at 4.) As a result, the Magistrate Judge "recommended that the [instant P]etition be dismissed without prejudice and without" requiring Respondent "to file an answer or return." (*Id.* at 6.) On July 9, 2018, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation. (*See generally* ECF No. 12.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2241, which provides that a federal district court has jurisdiction to entertain a § 2241 Habeas Petition when the petitioner is "in custody pursuant to the judgment and sentence of a State court" and files such an application "in the district court . . . wherein such person is in custody." 28 U.S.C. § 2241(d).

## III. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight and the responsibility to make a final determination remains with the court. *See id.* The court reviews *de novo* only those portions of

---

trained professional expertise," (*id.* at 19; *see also id.* at 20 (asserting that "deaths that . . . occur by a firearm and bullet" were outside the witness's expertise)); (6) "fail[ing] to assure that the evidence being offered against . . . [P]etitioner went through the proper chain of custody" and was "qualified to be offered as evidence at . . . [P]etitioner's federal jury trial" (*id.* at 23 (citations omitted)); (7) "fail[ing] to object to several highly prejudicial statements by the prosecution during" trial, (*id.* at 24); (8) "participat[ing] in several *ex parte* meetings . . . with the judge and prosecution" without . . . Petitioner (*id.* at 25); (9) "fail[ing] to inform the [Petitioner] of the government[']s plea offer," (*id.* at 26); and (10) "fail[ing] to hold . . . Petitioner's trial counsel . . . ineffective on direct appeal," (*id.*).

[5] In the alternative, Petitioner seeks the opportunity to "negotiate a plea agreement for manslaughter" and to be "release[d] . . . without any further opposition." (*Id.*)

4

the Report and Recommendation to which specific objections are filed.[6] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *See id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## IV. ANALYSIS

A.      The Report and Recommendation

In the Report, the Magistrate Judge recommends that the court dismiss without prejudice Petitioner's instant Petition and without requiring Respondent to file a return. (*See* ECF No. 10 at 6.) In reaching his recommendation, the Magistrate Judge noted that "[t]hose convicted in federal court are [normally] obliged to seek habeas relief from their convictions and sentences through § 2255." (*Id.* at 3.) To "challenge his . . . conviction and sentence under § 2241," (*id.* at 3-4), the Magistrate Judge noted that Petitioner must "demonstrate that the relief available to him under § 2255 is inadequate or ineffective," (*id.* at 4). For relief to be "inadequate or ineffective" under § 2255 (also known as the "savings clause"), Petitioner was required to show:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Because Petitioner did not provide any evidence suggesting that "the conduct for which [he] was convicted has been subsequently deemed noncriminal by any substantive law change," the Magistrate Judge concluded that

---

[6] An objection is specific if it "enables the district judge to focus attention on those issues– factual and legal–that are at the heart of the parties' dispute." *One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 476 U.S. 140, 147 (1985)).

Petitioner could not seek habeas relief under § 2241. (*Id.*)[7]

Accordingly, the Magistrate Judge recommended that Petitioner's instant Petition (ECF No. 1) be dismissed without prejudice and without requiring Respondent to file a return.

B.     Petitioner's Objections to the Report and Recommendation

In his Objections, Petitioner asserts that this court "should disregard the . . . [Report]" for several reasons. (ECF No. 12 at 8.)

First, Petitioner challenges the Magistrate Judge's determination that Petitioner is "unable to demonstrate that § 2255 is inadequate or ineffective." (ECF No. 12 at 1.) Petitioner asserts that because his claims do "not rely on a new Supreme Court change in law" or "fall under the newly discovered evidence standard in § 2255(h)(2)," he is unable to "take advantage of the benefits of § 2255." (ECF No. 12 at 4.) Therefore, Petitioner argues it would be a "miscarriage of justice" for this court to dismiss his § 2241 application and memorandum without reviewing its merits. (ECF No. 12 at 4.)

Second, Petitioner challenges the Magistrate Judge's determination "that the savings clause does not permit a § 2241 action for the claims presented in [his] . . . [i]nitial § 2241." (ECF No. 12 at 5.) Petitioner argues that the "savings clause has provided a gateway for petitioner[s] who[] claim . . . that [they are] actual[ly] innocent and [have received] ineffective assistance of counsel." (*Id.* at 6.) Petitioner urges this court to "appl[y] [an] actual innocent

---

[7] The Magistrate Judge also noted that "'[P]etitioner is *not* attacking the execution of his sentence," but rather "seek[ing] to have his conviction and sentence vacated" in its entirety. (ECF No. 10 at 5 (emphasis added).) "Such a claim," the Magistrate Judge concluded, "has nothing to do with the execution of his sentence," (*id.*), and, therefore, should have been brought under § 2255, (*see id.*). However, because Petitioner's § 2255 petition was already denied in the sentencing court, Petitioner is presently without relief. (*See* ECF No. 10 at 5 ("That [Petitioner] was unsuccessful [in the sentencing court] does not mean that § 2255 [relief] was inadequate or ineffective, nor does it automatically open another habeas pathway via § 2241 in this court.").)

6

standard of review" to "allow[] [his] claim to pass the gateway and be review[e]d on its merits." (*Id.* at 7.)

Third, Petitioner challenges the Magistrate Judge's "assessment that his § 2241 application and memorandum is subject to summary dismissal." (ECF No. 12 at 7.) Petitioner argues "his pleading should not be scrutinized with such technical nicety." (*Id.*) Instead, Petitioner argues that his application "should not be dismissed summarily unless it appears *beyond* [*d*]*oubt* that [Petitioner] can prove no set of facts in support of his claim." (*Id.* (emphasis added).)

As a result of the aforementioned Objections, Petitioner asserts that the court should reject the Report and "provide the relief sought in his [i]nitial § 2241" application. (ECF No. 12 at 8.)

C.     The Court's Review

Ordinarily, "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1994 (4th Cir. 1997)). However, § 2255 contains a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a prisoner's conviction or sentence when § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e); *see also In re Jones*, 226 F.3d at 333. A petitioner can show that § 2255 is inadequate or ineffective to challenge a conviction by demonstrating that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) *subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of constitutional law.

7

*In re Jones*, 226 F.3d at 333-34 (emphasis added). "Petitioner bears the burden of coming forward with evidence affirmatively showing" that each condition is met. *Brown v. Rivera*, Civil Action No. 9:08-cv-3177-PMD, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted); *see also Rainner v. Warden, FCI Bennetsville*, Civil Action No. 6:19-cv-02207-JMC, 2020 WL 5702103, at *3 (D.S.C. Sept. 24, 2020) (noting that the burden to "prove [the] three elements" rests with the petitioner). If a petitioner cannot meet the savings clause requirements, then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice*, 617 F.3d at 307; *accord Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (highlighting the affirmative duty of a district court to ensure that jurisdiction is proper and to dismiss a case whenever it determines that subject-matter jurisdiction is lacking).

Here, Petitioner is unable to prove that this court has subject matter jurisdiction over his § 2241 petition because he "cannot satisfy the second element of the *In re Jones* savings clause test." *Hart v. Warden of Edgefield Fed. Corr. Inst.*, Civil Action No. 8:20-cv-02402-BHH, 2020 WL 5535855, at *4 (D.S.C. Aug. 13, 2020). Petitioner was convicted for murder in violation of 18 U.S.C. §§ 1111, 1153 and for using and carrying a firearm during and in relation to the murder in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (j)(1). (ECF No. 10 at 1-2 (citing *Pheasant*, 2012 WL 3870508, at *1).) Petitioner has provided no evidence that "the substantive law has . . . changed such that Petitioner's conduct is now 'deemed not to be criminal,' as the second-prong of the *Jones* test requires." *Brown*, 2009 WL 960212, at *3. As the Magistrate Judge aptly stated: "[t]he conduct for which . . . [P]etitioner was convicted was criminal [at the time of his conviction] and is [still] criminal now." (ECF No. 10 at 5.) Accordingly, "Petitioner's § 2241 action should be dismissed because he has not established the elements of the savings clause test of *In re Jones*." *Hart*, 2020 WL 5535855, at *3; *accord Russaw v. Kellie*, Civil Action

8

No. 4:19-cv-2127-MGL, 2020 WL 4381946, at *2 (D.S.C. July 31, 2020) (concluding that because the petitioner failed to satisfy the second prong of the *In re Jones* test, the court lacked jurisdiction over the petitioner's claims).

Upon its consideration of the foregoing, the court finds the Magistrate Judge did not commit clear error in finding that this court lacks subject matter jurisdiction to review the merits of Petitioner's § 2241 petition. Accordingly, this court accepts the Magistrate Judge's Report.

The court now turns to Petitioner's Objections to the Magistrate Judge's Report.

*1.     Determination that Petitioner is Unable to Demonstrate that § 2255 is Inadequate or Ineffective*

Petitioner first argues that the Magistrate Judge's Report should be disregarded, (*see* ECF No. 12 at 8), because the Magistrate Judge improperly determined that he "is unable to demonstrate that [the relief available to him under] § 2255 is inadequate or ineffective," (ECF No. 12 at 1). Petitioner argues that he is "unable to take advantage of the benefits of § 2255(h)(2)" because his claims neither rely on "new Supreme Court . . . law" nor "fall under the newly discovered evidence standard in § 2255(h)(2)." (ECF No. 12 at 4.) Petitioner appears to cite to *United States v. Wheeler* for support. (*See* ECF No. 12. at 4.)

In the Fourth Circuit's "seminal decision *In re Jones*," the Court "set forth three elements that must be present for a petitioner to satisfy the savings clause" provided in § 2241. *United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018). As the Court in *In re Jones* stated:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

9

*In re Jones*, 226 F.3d at 333-34. The burden to satisfy *each* of these elements rests squarely on Petitioner. *See, e.g.*, *Hart*, 2020 WL 5535855, at *2 (emphasis added) ("Petitioner can challenge his federal sentence under § 2241 *only if* he can satisfy the requirements of the § 2255 savings clause."); *see also Rainner*, 2020 WL 5702103, at *3. As noted above, Petitioner has failed to provide any evidence that the "settled law of this circuit or the Supreme Court [that] established the legality of the conviction" has subsequently changed such that the conduct of which the prisoner was initially convicted of is now deemed "not to be criminal." *In re Jones*, 226 F.3d at 333-34. He, therefore, fails to meet the second prong of the *Jones* test.

Petitioner's reliance on *United States v. Wheeler* is misplaced. In *Wheeler*, the Fourth Circuit extended the *In re Jones* savings clause test to *sentencing errors* "sufficiently grave," *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016), enough "so as to be deemed a 'fundamental defect,'" *Wheeler*, 866 F.3d 415 at 429 (citing *In re Jones*, 226 F.3d at 333 n.3). However, Petitioner is not challenging the calculation or the execution of his sentence. Instead, as the Magistrate Judge correctly notes, "[Petitioner] seeks to have his [entire] conviction and sentence vacated." (ECF No. 10 at 5.) Because Petitioner is "attack[ing] the validity of his sentence, his claim is the type which normally should be brought under § 2255." *Brown*, 2009 WL 960212, at *2 (citation omitted); *see also Wester v. Yancey*, Civil Action No. 9:05-cv-2339-MBS, 2006 WL 240598, at *2 (D.S.C. Jan. 30, 2006) (citations omitted) ("It is well-settled that a federal prisoner must challenge the underlying validity . . . of his sentence under 28 U.S.C. § 2255[,] rather than 28 U.S.C. § 2241."). Petitioner's previous § 2255 petition in the sentencing court was denied. (*See* ECF No. 10 at 5.) Petitioner may not open another habeas pathway via § 2241 to this court "merely because [his] prior § 2255 motion was unsuccessful." *Hart*, 2020 WL 5535855, at *3

10

(citing *Chrisholm v. Pettiford*, Civil Action No. 6:06-cv-2032-PMD, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006)).

Because Petitioner has not "com[e] forward with evidence affirmatively showing the inadequacy or ineffectiveness of § 2255," Petitioner has failed to establish the elements of the savings clause test established in *In re Jones*. *In re Eidson*, 129 F.3d 1259, 1259 (4th Cir. 1997). Accordingly, Petitioner's § 2241 action should be dismissed. *See Prince v. Warden of Bennettsville Fed. Corr. Inst.*, Civil Action No. 8:20-cv-823-JMC, 2020 WL 3318294, at *3 (D.S.C. Mar. 23, 2020), *adopted*, 2020 WL 3316088, at *1 (D.S.C. June 18, 2020); *Moss v. Dobbs*, Civil Action No. 8:19-cv-2280-JMC, 2019 WL 5616884, at *2 (D.S.C. Oct. 31, 2019).

    2.    *Determination that the Savings Clause Does Not Permit a § 2241 Action in this Matter*

Petitioner next challenges the Magistrate Judge's determination "that the savings clause does not permit a § 2241 action for the claims presented in the Petitioner's [i]nitial § 2241." (ECF No. 12 at 5.) Petitioner argues that the "savings clause has provided a gateway for petitioner[s] who[] claim . . . that [they are] actual[ly] innocent and [have received] ineffective assistance of counsel." (*Id.* at 6.) Because Petitioner argues he is actually innocent, he urges this court to "appl[y] [an] actual innocent standard of review" that would allow his "claim[s] to pass the gateway and be review[e]d on [their] merits." (*Id.* at 7.) To the extent Petitioner is arguing that the Magistrate Judge should consider the *merits* of his Petition *before* determining whether *jurisdiction* is proper in this venue, the court cannot agree.

"[A] federal court . . . may not rule on the merits of a case without first determining that it has jurisdiction over" the claims asserted and the parties present in the suit. *Sinochem Intern. Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998)); *see also Trustgard Ins. Co. v. Collins*, 942 F.3d

11

195 (4th Cir. 2019) (noting that the court "must generally decide jurisdictional questions first"). Without proper jurisdiction, a federal court "cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94.

As stated above, this court lacks subject matter jurisdiction over Petitioner's instant Petition. *See supra* Part IV.C. As a result, this court is not the proper tribunal to consider Petitioner's habeas claims. *See Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) (citation omitted) (dismissing a § 2241 petition without prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

> 3. *Determination that Petitioner's § 2241 Application is Subject to Summary Dismissal*

Lastly, Petitioner challenges the Magistrate Judge's "assessment that his § 2241 application and memorandum is subject to summary dismissal." (ECF No. 12 at 7.) Petitioner argues "his pleading should not be scrutinized with such technical nicety." (*Id.*) Instead, Petitioner argues that his application "should not be dismissed summarily unless it appears *beyond* [d]*oubt* that [Petitioner] can prove no set of facts in support of his claim." (*Id.* (emphasis added).) The court rejects this argument.

Although Petitioner's "pleadings are [indeed] construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings," *Simpson*, 2019 WL 7288801, at *2, this modified construction standard does not prevent a court from summarily dismissing without prejudice a § 2241 petition it lacks jurisdiction over, *see, e.g.*, *Russaw*, 2020 WL 4381946, at *1 (citing *Wheeler*, 886 F.3d at 423) (noting that "a petitioner's failure to meet the requirements of the savings clause requires a court to dismiss the lack of subject matter jurisdiction").

## V. CONCLUSION

For the reasons set forth above, the court hereby **OVERRULES** Petitioner Samuel Eddie

12

Pheasant's Objections (ECF No. 12) and **DISMISSES WITHOUT PREJUDICE** Petitioner Pheasant's Petition of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) without requiring Respondent to file a return. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10) and incorporates it herein by reference.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

November 19, 2020
Columbia, South Carolina

13